UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CR-0138-CVE |
| ) | |
| ERLIN AYALA and ) | |
| OSCAR MONTOYA, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is defendant Erlin Ayala's Motion for Severance (Dkt. # 224) and defendant Oscar Montoya's Motion for Severance (Dkt. # 252). Defendants argue that a jury is likely to find them guilty by association if their trial is not severed from that of their co-defendants charged with conspiracy to violate the federal drug laws. Oscar Montoya also argues that he and Erlin Ayala will raise mutually antagonistic defenses to one another and he will be prejudiced by a joint trial with Ayala. The government does not oppose Ayala's and Montoya's request for severance from the trial of the alleged conspirators. However, the government does oppose Montoya's request for severance from Ayala, because this is a routine multiple defendant drug case and Montoya has not shown that a specific trial right will be impaired by a joint trial with Ayala.

The grand jury returned the original indictment in this case on November 2, 2009 charging eight defendants with, inter alia, conspiracy to violate the federal drug laws under 21 U.S.C. § 846. Dkt. # 2. Erlin Ayala and Oscar Montoya were not named as defendants in the original indictment. A superseding indictment was returned on February 2, 2010, and Ayala and Montoya were charged with possessing more than 50 grams of methamphetamine with intent to distribute in violation of

21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). Dkt. # 112. The grand jury returned a second superseding indictment alleging a total of 31 counts against ten defendants. Dkt. # 157. As in the superseding indictment, eight defendants were charged with conspiracy to violate the federal drug laws and Ayala and Montoya were charged with possessing more than 50 grams of methamphetamine with intent to distribute. Id. at 10 (count four of the second superseding indictment). At the present time, Ruben Garcia and Gilberto Rivera are the only defendants remaining for trial who allegedly participated in a conspiracy to violate the federal drug laws.

Ayala and Montoya argue that they will be be prejudiced by a joint trial with Garcia and Rivera due to a significant risk of guilty by association. Montoya also argues that he will be prejudiced if he is not granted severance from Ayala, because Ayala and Montoya intend to assert mutually antagonistic defenses. Under Fed. R. Crim. P. 14(a), a district court may sever the trials of co-defendants joined in a single indictment if a joint trial would prejudice one or more of the defendants named in the indictment. However, "[j]oint trials of defendants who are indicted together are preferred because '[t]hey promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" United States v. Hall, 473 F.3d 1295, 1301-02 (10th Cir. 2007) (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)). If defendants have been properly joined in the same indictment, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. "[W]hen two or more people commit a criminal act and are later jointly indicted, they can usually expect to be tried together." United States v. Dirden, 38 F.3d 1131, 1141 (10th Cir. 1994) (quoting United States v. Dill, 693 F.2d 1012, 1014 (10th Cir. 1982)). A court's

decision to order severance is discretionary, and a defendant bears a "heavy burden of showing real prejudice to his case." United States v. McConnell, 749 F.2d 1441, 1444 (10th Cir. 1984).

The Court finds that the trial of Ayala and Montoya should be severed from the trial of Ruben Garcia and Gilberto Rivera. Defendants argue that a jury may find them "guilty by association" due to the amount of evidence against Garcia and Rivera, even though Ayala and Montoya are not charged with being a member of a drug conspiracy. See Dkt. # 224, at 2; Dkt. # 252, at 5. The Tenth Circuit has stated that a defendant's burden to obtain severance is not satisfied based solely on a risk of guilt by association, because a "negative spill-over effect from damaging evidence presented against codefendants" does not show actual prejudice. United States v. Caldwell, 560 F.3d 1214, 1221 (10th Cir. 2009) (quoting United States v. Wacker, 72 F.3d 1453, 1468 (10th Cir. 1995)). However, this case is different from the ordinary case where multiple defendants are charged with conspiracy and the alleged conspirators argue that a joint trial will be prejudicial. The government does not allege that Ayala or Montoya were part of a conspiracy to violate the federal drug laws, and there is a substantial risk of prejudice to Ayala and Montoya if their trial is not severed from the trial of the alleged conspirators.

Montoya argues that his defense will likely be antagonistic to that of Ayala, because each defendant will proclaim his innocence while casting blame on his co-defendant. He argues that it will not be possible for him to receive a fair trial, because the jury must convict one defendant if it accepts the defense of his co-defendant. When considering Montoya's argument, the Court must apply a three part test to determine if severance is appropriate:

> First, it must determine whether the defenses presented are "so antagonistic that they are mutually exclusive." Second, because "[m]utually antagonistic defenses are not prejudicial per se," a defendant must further show "a serious risk that a joint trial would compromise a specific trial right ... or prevent the jury from making a reliable

>judgment about guilt or innocence." Third, if the first two factors are met, the trial court exercises its discretion and "weigh[s] the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration."

United States v. Pursley, 474 F.3d 757, 765 (10th Cir. 2007) (internal citations omitted).  There is a possibility that defendants will assert antagonistic defenses, and Montoya can satisfy the first part of the Pursley test.  However, Montoya has not identified a specific trial right that will be impaired by a joint trial.  Montoya argues that the jury must necessarily convict one defendant and acquit the other, but Montoya fails to consider the possibility that the jury may reject defendants' claims of innocence or find that the government has failed to prove either defendant guilty beyond a reasonable doubt.  The jury will be instructed to consider the charges against each defendant separately, and this will protect Montoya from any risk that the jury may feel compelled to convict one defendant if it acquits the other.  See United States v. Hutchinson, 573 F.3d 1011, 1026-27 (10th Cir. 2009); United States v. Hardwell, 80 F.3d 1471, 1487 (10th Cir. 1996).  Under the circumstances, there is a strong preference for a joint trial of co-defendants charged in the same count for participating in the same drug transaction, and Montoya has not carried his burden to show that mutually antagonistic defenses among co-defendants requires the Court to sever their trials.

**IT IS THEREFORE ORDERED** that defendant Erlin Ayala's Motion for Severance (Dkt. # 224) is **granted,** and defendant Oscar Montoya's Motion for Severance (Dkt. # 252) is **granted in part** and **denied in part**: both motions are granted as to severance of the trial of Ayala and Montoya from the trial of the alleged conspirators, but Montoya's request for severance from Ayala is denied.

**IT IS FURTHER ORDERED** that the jury trial set for August 16, 2010 is **stricken as to Ayala and Montoya only**, and a joint trial of Ayala and Montoya as to Count Four of the second superseding indictment is set for **September 7, 2010 at 9:30 a.m.**[1]  A pretrial conference for the severed trial of Ayala and Montoya is set for **August 24, 2010 at 10:30 a.m.**

**DATED** this 30th day of July, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1]  The jury trial of Garcia and Rivera set for August 16, 2010 is unaffected by this opinion and order.