UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CR-0138-CVE |
| | ) |
| ERLIN AYALA and | ) |
| OSCAR MONTOYA, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court are Defendant Oscar Montoya's Motion in Limine (Dkt. # 289), Motion for Hearing to Exclude Expert Testimony (Dkt. # 290), and [second] Motion in Limine (Dkt. # 291).[1] Defendants Oscar Montoya and Erlin Ayala are charged in count four of the second superseding indictment (Dkt. # 157) with possession of 50 grams or more of methamphetamine with intent to distribute, and their trial has been severed from that of the other co-defendants. Montoya asks the Court exclude the exclude the testimony of a government witness who will give voice recognition testimony based on her comparison of recorded phone conversations. He argues that this is not proper lay witness testimony (Dkt. # 289) and, if the witness is treated as an expert, the witness does not have a reliable basis to give expert testimony on this issue (Dkt. # 290). Montoya and Ayala also ask the Court to exclude all evidence concerning the Garcia Drug Trafficking Organization (Garcia DTO), because defendants were not members of the Garcia DTO and this evidence would be unfairly prejudicial to them.

---

[1] At the pretrial conference on August 24, 2010, defendant Erlin Ayala orally moved to adopt Montoya's second motion in limine (Dkt. # 291), and the Court granted Ayala's oral motion.

Montoya states that the government intends to present lay witness opinion testimony to identify Montoya's voice in recorded telephone conversations. Dkt. ## 289, 290. He argues that this is actually expert testimony that should not be admitted unless the government establishes that the testimony is admissible under Fed. R. Evid. 702, because the telephone conversations are in Spanish and the defendant has expertise in interpreting and translating the Spanish language. Dkt. # 289. He argues that the witness does not have a reliable basis to give voice recognition testimony and the testimony should be excluded under Rule 702. Dkt. # 290. At the pretrial conference, the government explained that it would call a lay witness, specifically an interpreter, who has heard phone calls intercepted by wiretap and jailhouse phone calls made by defendant, and this witness will provide opinion testimony under Fed. R. Evid. 701 concerning the identification of Montoya's voice in recorded telephone conversations. The government states that this testimony will be helpful to the jurors, because the recorded conversations are in Spanish and the jurors may have difficulty making a voice comparison without this testimony.

The Tenth Circuit has addressed the admissibility of voice recognition or identification testimony, and this type of testimony is not treated as expert testimony, as long as the witness has heard the person's voice that is being identified and is able to make a comparison. United States v. Hardwell, 80 F.3d 1471, 1494 (10th Cir. 1994). A witness may give voice recognition testimony based on a comparison of a single phone call with hearing a voice in court, because this type of testimony must be based only on "minimal familiarity" with the voice. United States v. Zepeda-Lopez, 478 F.3d 1213, 1219-20 (10th Cir. 2007). The credibility of the witness and the accuracy of the witness' comparison are matters for the jury to determine. United States v. Axselle, 604 F.2d 1330, 1338 (10th Cir. 1979); United States v. Watson, 594 F.2d 1330, 1335 (10th Cir. 1979).

The Court finds that the proposed testimony should be treated as lay witness opinion testimony, rather than expert testimony, because the witness will not be testifying based on any particular expertise and is not subject to the qualification and reliability requirements of Rule 702. Under Rule 701, a witness not testifying as an expert may offer opinion testimony if the opinion is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Defendant argues that the witness' qualifications to interpret the Spanish language might suggest to the jury that she is an expert and the jury will give her voice recognition testimony additional weight. Although the witness may have expertise in the Spanish language, the government represents that she will not be asked to give expert testimony. Instead, the witness will simply be asked to identify Montoya's voice by comparing recorded conversations and her ability to make this comparison may be aided by her ability to understand Spanish. This testimony is rationally based on the witness' perceptions and may be helpful to the jury. In this case, the witness' knowledge of Spanish is not "scientific, technical, or other specialized knowledge" within the meaning of Rule 702. Familiarity with the Spanish language may assist the witness with identifying defendant's voice, but the key aspect of her testimony is the voice identification, not the witness' ability to speak Spanish. The government must lay a foundation for this testimony before asking the witness to make a voice identification, but the government does not need to show that the witness is qualified or that she has a reliable basis to give expert testimony under Rule 702.

Montoya and Ayala also ask the Court to exclude evidence concerning the actions of the Garcia DTO, because neither Montoya nor Ayala were members of the Garcia DTO and this

evidence would be more prejudicial than probative. Dkt. # 291. The government responds that facts concerning the Garcia DTO may be necessary as background information to explain the October 5, 2009 drug transaction and to clarify the factual basis for Ruben Garcia's testimony at trial, including his plea agreement with the government. The Court finds that defendants' motion (Dkt. # 291) is granted in part and denied in part. The facts concerning the October 5, 2009 transaction are relevant to this case, including the role of Juan LNU, and this may include some background information about the Garcia DTO to explain why the Drug Enforcement Agency was monitoring Ruben Garcia and his contact with defendants, as well as the fact that he was charged and pleaded guilty to different charges. Aside from these limited facts, it could be unfairly prejudicial to allow the government to introduce unrelated evidence about the Garcia DTO, because this could suggest that defendants were members of the Garcia DTO and could confuse the jury about the scope of the severed case. If a party believes that it is necessary to ask broader questions about the Garcia DTO or that another party has opened the door to additional questioning about the Garcia DTO, counsel should request a bench conference before proceeding beyond the limitations concerning the Garcia DTO stated herein.

**IT IS THEREFORE ORDERED** that defendant Montoya's Motion in Limine (Dkt. # 289) and Motion for Hearing to Exclude Expert Testimony (Dkt. # 290) are **denied**.

**IT IS FURTHER ORDERED** that defendants' Motion in Limine (Dkt. # 291) is **granted in part** and **denied in part**: the government may offer evidence concerning the Garcia DTO as it relates to the October 5, 2009 drug transaction and as background for Ruben Garcia's testimony, but the parties should refrain from exceeding these limitations without requesting a bench conference.

**DATED** this 24th day of August, 2010.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE